JAY CLAYTON
United States Attorney for the
Southern District of New York
By:    Nicolas Roos
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA

              -v.-

15.98 ETH TRANSFERRED TO THE
GOVERNMENT'S CUSTODY ON OR ABOUT
OCTOBER 21, 2024,

              Defendant-*in-rem*.

------------------------------------ x

**VERIFIED COMPLAINT FOR FORFEITURE**

26 Civ. 1581

Plaintiff United States of America, by its attorney JAY CLAYTON, United States Attorney for the Southern District of New York, for its verified complaint, alleges, upon information and belief, as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to Title 18, United States Code, Section 981(a)(1)(C) by the United States of America seeking the forfeiture of 15.98 ETH transferred to the Government by Nathaniel Chastain on or about October 21, 2024 (the "Defendant-*in-rem*").

2. This Court has jurisdiction pursuant to Title 28, United States Code, Section 1355.

3. Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because certain actions and omissions giving rise to forfeiture took place in the Southern District of New York.

4.      The Defendant-*in-rem* constitutes proceeds traceable to wire fraud, in violation of Title 18, United States Code, Section 1343, and are thus subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C).

## II.     BACKGROUND

5.      On May 31, 2022, a grand jury in the Southern District of New York returned an indictment charging Nathanial Chastain ("Chastain") with wire fraud, in violation of Title 18, United States Code, Section 1343 (Count One), and concealment money laundering, in violation of Title, United States Code, Section 1956(a)(1)(B)(i) (Count Two). The indictment alleged that Chastain committed wire fraud by misappropriating confidential business information of his employer and using it to make profitable purchases and sales of assets. Specifically, Chastain served as the head of product at OpenSea, the largest online marketplace for auctions and sales of non-fungible tokens ("NFTs"). As part of his responsibilities, Chastain was responsible for selecting which NFTs would be featured on OpenSea's homepage—a designation that routinely caused the value of featured NFTs, and other NFTs from the same creator, to increase significantly. OpenSea treated the identity of the forthcoming homepage features as confidential information. However, from approximately June 2021 through September 2021, Chastain exploited his advance knowledge of upcoming homepage features to execute a scheme to misappropriate OpenSea's confidential information and use it to secretly purchase those NFTs before they were featured. He then sold those NFTs at a substantial profit in the days immediately following the feature, when prices had risen in response to the increased attention. In total, Chastain purchased at least 45 NFTs through this scheme and realized profits of 15.98 ETH.

6. On or about May 3, 2023, Chastain was found guilty on both counts following a jury trial.

7. On or about August 28, 2023, the Court entered a Preliminary Order of Forfeiture as to Specific Property forfeiting all of the Chastain's interest in 15.98 ETH to the Government representing the proceeds traceable to the wire fraud that Chastain personally obtained.

8. On or about October 21, 2024, Chastain transferred the 15.98 ETH, i.e., the Defendant-*in-rem*, to the Government.

9. Following Chastain's appeal, the Second Circuit vacated the judgment of conviction and remanded to the District Court for further proceedings.

### III. THE DEFENDANT-*IN-REM*

10. On or about January 21, 2025, Chastain entered into a Deferred Prosecution Agreement (the "DPA") with the United States with respect to his conduct charged in the Indictment. Under the DPA, Chastain consented to the civil forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), of the Defendant-*in-rem* as constituting the proceeds traceable to the wire fraud charged in the Indictment.

### IV. CLAIM FOR FORFEITURE

11. Incorporated herein are the allegations contained in paragraphs one through ten of this Verified Complaint.

12. Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

13. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7) to include any offense under 18 U.S.C. § 1961(1). Section 1961(1) lists the offense of wire fraud (18 U.S.C. § 1343).

14. By reason of the above, the Defendant-*in-rem* are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant-*in-rem* and that all persons having an interest in the Defendant-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant-*in-rem* to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      February 25, 2026

JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: *Nicolas Roos*
Nicolas Roos
Assistant United States Attorney
26 Federal Plaza, 38th Floor
New York, New York 10278
Telephone: (212) 637-2421

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

Shyheim Wingate, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Special Agent with the Federal Bureau of Investigation ("FBI"); that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

*Shyheim Wingate*
Special Agent
Federal Bureau of Investigation